UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICIA THOMAS | CIVIL ACTION |
| VERSUS | NO. 15-1733 |
| METROPOLITAN LIFE INSURANCE COMPANY ET AL. | SECTION "L" (4) |

## ORDER & REASONS

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim and Alternative Motion for Summary Judgment. R. Doc. 8. Having reviewed the parties' briefs and the applicable law, the Court now issues this Order.

I.  BACKGROUND

This case arises from a denial of social security retirement benefits. Plaintiff, Patricia Thomas, is a former employee of Mobil Oil Corporation, whose successor company is ExxonMobil Corporation. R. Doc. 1 at 2. Mobil Oil Corporation provided a disability insurance plan/policy to Thomas during her employment. R. Doc. 1 at 2. Thomas became totally disabled while still employed by Mobil Oil Corporation, and began to receive benefits under both the short term and long term disability provisions of the Disability Benefits Program of Mobil Oil Corporation ("Mobil LTD Plan"). R. Doc. 1 at 2. Mobil's LTD Plan was merged into ExxonMobil's Disability Plan ("ExxonMobil LTD Plan") on January 1, 2002. R. Doc. 11-3 at 4. Thomas later became eligible for benefits from social security, and began to receive said benefits. R. Doc. 1 at 2. On October 12, 2012, Defendant Metropolitan Life Insurance Company ("MetLife") informed Thomas that her monthly disability payment of $1,633.34 should have been reduced by the amount of her monthly social security benefit of $1,234.00, and that she had received nearly $20,000 in overpayments. R. Doc. 1 at 2. MetLife first informed Thomas that

1

her long term disability benefit would be reduced until the alleged overpayments were recovered. MetLife later informed Thomas that her disability benefits would also be reduced by the amount of her pension benefits, thereby stopping payment of all long term disability benefits. R. Doc. 1 at 2.

Thomas alleges that the denial of her benefits was wrongful and arbitrary. Thomas further alleges that the plan/policy at issue did not allow for the reduction of disability benefits upon the receipt of social security retirement benefits. R. Doc. 1 at 2–3. Thomas does not allege that she has filed an administrative appeal or attempted administrative remedies. Neither Defendant has filed an Answer to Thomas's Complaint.

## II. PRESENT MOTION

Defendants ExxonMobil and MetLife ("ExxonMobil") filed the present Motion to Dismiss and Alternative Motion for Summary Judgment, requesting that Plaintiff Thomas's claims be dismissed with prejudice.

### A.     ExxonMobil's Motion To Dismiss and Motion for Summary Judgment

ExxonMobil begins by arguing its Rule 12(b)(6) Motion to Dismiss. ExxonMobil contends that Thomas fails to state a claim, because her Complaint fails to allege that she filed an ERISA-mandated administrative appeal or otherwise exhausted her administrative remedies. R. Doc. 12-1 at 6.

ExxonMobil notes that Thomas's Complaint relies on the ExxonMobil LTD Plan and certain letters by MetLife, and argues that it is appropriate for the Court to consider these documents in its 12(b)(6) holding. R. Doc. 12-1 at 6. Relying on the ExxonMobil LTD Plan and the MetLife letters, ExxonMobil contends that Thomas failed to file an administrative appeal with the proper Plan Administrator, Mobil Oil Company. R. Doc. 12-1 at 7. ExxonMobil contends that ERISA regulations required Thomas to appeal to Mobil Oil Company as the Plan

Administrator under the pre-merger Mobil plan within 60 days of an adverse benefit determination. R. Doc. 12-1 at 7. ExxonMobil further argues that compliance with ERISA under the post-merger Mobil Plan required an appeal to the Plan Administrator within 180 days of an adverse benefit determination. R. Doc. 12-1 at 8. ExxonMobil also references two letters, one on December 4, 2010, and one on October 12, 2012, and argues that these communications put Thomas on notice of her rights to an appeal under the Plan. R. Doc. 12-1 at 8.

ExxonMobil points to Fifth Circuit precedent which indicates that failure to exhaust administrative remedies can be fatal to an ERISA claim. R. Doc. 12-1 at 9–10. ExxonMobil interprets precedent as mandating the dismissal of an ERISA claimant who failed to exhaust administrative remedies, even if the claimant filed for an untimely but otherwise proper administrative remedy. R. Doc. 12-1 at 10. ExxonMobil then contends that Thomas waited two and one-half years to file her appeal from her October, 2012 denial of benefits, and that this delay exceeds the 180 day deadline for filing an administrative appeal.

ExxonMobil additionally argues that Thomas's claim should be dismissed because the proper defendant to a claim such as the one at bar is the LTD Plan itself. ExxonMobil cites ERISA law supporting this position, and notes that neither ExxonMobil nor MetLife are the ExxonMobil LTD Plan.

### B.     Thomas's Opposition

Thomas opposes the motion. R. Doc. 17. Thomas notes that the administrative appeal exhaustion requirement is not found in the text of the ERISA statute. Rather, the exhaustion requirement is a court-imposed, policy-based rule. R. Doc. 17 at 3. Thomas therefore argues that unless the pertinent disability benefits plan expressly called for an administrative appeal, dismissal is improper because the policies supporting the exhaustion requirement do not come into effect.

3

Thomas next contends that the Mobil LTD Plan, not the ExxonMobil LTD Plan, is the pertinent plan, because the Mobil LTD Plan was the plan in effect at the time of Thomas's original claim for disability.  Thomas further asserts that an administrative appeal was not required on the face of the Mobil LTD Plan.  Thomas points out that the Mobil LTD Plan references an appeal process, but argues that the language is ambiguous or not intelligible to laymen.  Thomas notes language in the Mobil LTD Plan which concerns administrative appeals for claims, and argues that claims are distinct from an adverse determination such as a denials of benefits.  R. Doc. 17 at 3.  Thomas argues that ambiguities in an ERISA plan must be construed against the drafter, and that an ERISA plan must be written in a manner that can be understood by the average plan participant.  Thomas thus argues that she was not required to comply with the faulty exhaustion provisions of Mobil LTD Plan.  R. Doc. 17 at 4.

Thomas also claims that the Mobil LTD Plan's provisions for an administrative appeal fail the applicable 1995 CFR provisions.  According to Thomas, the CFR states that a claims review procedure is reasonable only if it is described in the summary plan description and allows for the review of pertinent documents and the right to submit issues and comments in writing.  R. Doc. 17 at 5.  Thomas argues that the Mobil LTD Plan fails to meet these requirements, and therefore the claims appeal procedure was unreasonable.  Thomas contends that she was not required to comply with an unreasonable administrative appeals procedure.  R. Doc. 17 at 5.

Regarding Thomas's alleged failure to bring her claim against the ERISA Plan itself, Thomas argues that the Mobil LTD Plan identifies Mobil Oil Corporation as the party responsible for payment of benefits and the rule-making of the Mobil LTD Plan.  Nevertheless, Thomas states that she is willing to amend her Complaint to substitute the ERISA Plan as a defendant if permitted by the Court.  R. Doc. 17 at 5.

### C. ExxonMobil's Reply

ExxonMobil timely replies. R. Doc. 22. ExxonMobil reiterates the arguments presented in its motion, and addresses arguments raised in Thomas's Opposition. ExxonMobil asserts that Thomas is not entitled to be excused from the exhaustion requirement, as Fifth Circuit precedent denies excusal under circumstances such as the one at bar. R. Doc. 22 at 4. ExxonMobil also contends that the Mobil LTD Plan does not control the administrative procedures required for Thomas's appeal. R. Doc. 22 at 5. Instead, ExxonMobil claims that the Mobil LTD Plan in effect at the time of Thomas's disability was properly modified between Ms. Thomas's disability and the withdrawal of her benefits, and that the 2014 Summary Plan Description of the ExxonMobil LTD Plan controls. R. Doc. 22 at 6.

## III. LAW AND ANALYSIS

### A. Applicable Law

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A district court must construe facts in the light most favorable to the nonmoving party. The court must accept as true all factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation et al. v. William Twombly,* 550 U.S. 544, 570 (2007).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

Thomas's Complaint is brought pursuant to ERISA, and therefore Thomas's claim must be dismissed if she failed to exhaust all viable administrative remedies provided for in the LTD Plan. The Fifth Circuit has held that "[c]laimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits." *McGowin v. Manpower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004) (quoting *Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corp.*, 215 F.3d 475, 479 (5th Cir. 2000). One of the core policies behind this requirement is that "ERISA trustees, not federal courts, [should] be responsible for their ERISA actions so that not every ERISA action becomes a federal case." The failure to exhaust administrative remedies under ERISA is proper grounds for a motion to dismiss for failure to state a claim. *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 33 (5th Cir. 1993). An untimely administrative appeal is similarly fatal to an ERISA claim. *Moss v. UNUM Provident Group Corp.*, 2015 WL 1508354, at *4 (W.D. La. Mar. 31, 2015).

B.    DISCUSSION

Thomas filed her ERISA claim on May 21, 2015. R. Doc. 1. Thomas received a letter in August or September of 2012 which informed her that her monthly benefit under the LTD Plan was being reduced. Thomas later received a letter dated October 12, 2012, which informed her that her benefits were being eliminated entirely. *See* R. Doc. 12-5 at 6–8. Thomas does not contest ExxonMobil's assertion that she failed to file an administrative appeal after receiving these communications. Thus, the Court can only find for Thomas if (1) the controlling terms of her plan did not impose an administrative appeal requirement or (2) the administrative appeal requirement fails to comply with applicable regulations. Thomas can prove neither for purposes of ExxonMobil's Rule 12(b)(6) motion, so her claim must be dismissed.

    i.    Imposition of an Exhaustion Requirement

The Court cannot find for Thomas even if two contested questions of law regarding the terms of the exhaustion requirement are resolved in her favor. Thomas contends both that the Mobil LTD Plan controls the exhaustion requirement and that it is ambiguous. Assuming both of these matters arguendo,[1] her claim still fails.

Section 5 of Article X of the Mobil LTD Plan references appeals relating to claims, and does not discuss appeals for the withdrawal of benefits. R. Doc. 16-2 at 36–38. In contrast, each of the summary plan descriptions of the Mobil LTD Plan and ExxonMobil LTD Plan provides for review procedures for both denial of claims and denial of continued benefits. *See* R. Doc. 12-3 at 22–23, 43, 69. The Mobil LTD Plan is therefore in conflict with the 1995, 1998, and 2014 summary plan descriptions.

---

[1] The Court finds questionable Thomas's assertion that the Mobil LTD Plan's exhaustion requirement is ambiguous. *Cf. Long v. Aetna Life Insurance Co.*, 2014 WL 4072026 (E.D. La. 2014) (rejecting plaintiff's argument that she should be excused from an exhaustion procedure because the procedure did not expressly state that administrative remedies applied when an offset was involved).

7

In the Fifth Circuit, the summary plan description governs if an ERISA plan and its summary plan description are in conflict. *See Rhorer v. Raytheon Eng'rs & Constructors, Inc.*, 181 F.3d 634, 640 (5th Cir. 1999). Because the summary plan descriptions are unambiguous and control the Mobil LTD Plan, Thomas was required to timely exhaust her administrative appeals by ERISA. [2] Dismissal is therefore appropriate. *See Wimmons v. Wilxoc*, 911 F.2d 1077, 1080 (5th Cir. 1990) (finding that an ERISA claimant failed to state a viable clause of action because the claimant neglected to exhaust administrative remedies); *see also Vaguera v. Serene Lodging, Inc. Occupational Injury Ben. Plan*, 2009 WL 365908, at *1 (W.D. Tex. Feb. 13, 2009).

   ii.  Compliance with Applicable Federal Regulations

Thomas argues in the alternative that the exhaustion requirement of the Mobil LTD Plan fails because it does not comply with the provisions of the 1995 Code of Federal Regulations. Thomas points to CFR 2560.503-1(g)(1)(ii and iii) (1995), which provides that a claims review procedure must grant a claimant or a claimant's authorized representative the right to review pertinent documents and submit issues and comments in writing. Upon review of this provision and the applicable documents, the Court finds that the exhaustion requirements pertinent to Thomas's claim comply with the CFR.

As noted above, the Summary Plan Description of the Mobil LTD Plan controls the terms of the Mobil LTD Plan's exhaustion requirement. The December 1995 Summary Plan Description[3] of the Mobil LTD Plan expressly provides that a claimant who has been denied future benefits has the right to "request . . . relevant documents relied upon by the Claims

---

[2] This statement assumes arguendo that the Mobil LTD Plan is the pertinent plan for evaluating Thomas's exhaustion requirement. If the ExxonMobil LTD Plan controls, Thomas's claim still fails because the 2014 Summary Plan Description of the ExxonMobil LTD Plan also provides for an exhaustion requirement. R. Doc. 11-3 at 68.

[3] The Court notes that later summary plan descriptions of the Mobil LTD Plan and ExxonMobil LTD Plan also comply with Thomas's cited portions of the CFR. *See* R. Doc. 12-3 at 43 (providing for comment and access to documents in the September 1999 Summary Plan Description); R. Doc. 12-3 at 68 (providing for comment and access to documents in the 2014 Summary Plan Description).

Administrator" and that the claimant should submit "a written statement or comment" stating the claimant's disagreement with the denial of future benefits. R. Doc. 12-3 at 22–23. These two provisions of the December 1995 Summary Plan Description comply with the CFR's command to allow access to pertinent documents and opportunities to submit written comments. CFR 2560.503-1(g)(1)(ii and iii) (1995). Therefore, the claims appeal procedure at issue is reasonable. Thomas's non-compliance cannot be excused, and dismissal pursuant to Rule 12(b)(6) is proper.[4]

## IV. CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim and Alternative Motion for Summary Judgment, R. Doc. 8, is hereby **GRANTED**.

New Orleans, Louisiana this 6th day of January, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

[4] As the Court finds a Rule 12(b)(6) dismissal proper, the Court declines to apply the standards for summary judgment to Thomas's claim.